USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/23/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRAIG EUGENE HILLABUSH; KATHLEEN FRANCES HILLABUSH,

                  Plaintiffs,

-against-

JANET LOUISE YELLEN,

                  Defendant.

24 Misc. 414 (AT)

**ORDER OF DISMISSAL**

ANALISA TORRES, United States District Judge:

    Plaintiff *pro se* initiated this matter as a miscellaneous case.[1] Plaintiff styles this application as a "Certificate of Exigent Circumstances" and attaches tax deficiency notices addressed to him from the New York State Department of Taxation and Finance, on which he has written "Refusal for Cause." ECF No. 1 at 1, 5–12. Plaintiff asks the Court to "issue a writ of garnishment on Janet Louise YELLEN should this harassment from the State of New York continue." *Id.* at 2. For the reasons set forth below, the Court dismisses this action without prejudice.

    Plaintiff's application is not proper as a miscellaneous action. "The District Clerks' Manual, published by the Administrative Office of the United States Courts, sets forth the nationwide guidelines for prescribed uses of the miscellaneous docket." *In re Varholy*, No. 23 Misc. 4, 2023 WL 4236044, at *1 (D. Conn. June 28, 2023). According to the Manual, the assignment of a miscellaneous case number is proper for only fifteen categories of cases:

> foreign subpoenas, registration of judgment from another district, motion to quash deposition subpoena, motion for protective order, administrative deposition subpoena, application to perpetuate testimony, receiverships, letters rogatory from other districts, warrant for arrest of juror, pen registers, wire interceptions, video interceptions, grand jury matters, internal revenue service third party record keeper actions, and proceedings against sureties.

*Id.* at *2 (citing District Clerks' Manual § 4.03.a.1.(ii)-(xvi)).

    The relief that Plaintiff seeks does not fall into one of the limited matters where use of the miscellaneous docket is proper. Because this case cannot proceed under the miscellaneous docket, the Court dismisses this action without prejudice.[2]

---

[1] Only Craig Hillabush has signed the pleading, and the Court therefore refers to him as Plaintiff.

[2] Even when an action is dismissed, a plaintiff is not entitled to a refund of the filing fee.

The dismissal of this matter without prejudice does not prevent Plaintiff from commencing a new civil action. The Court notes, however, that Rule 11 of the Federal Rules of Civil Procedure requires all parties, including litigants proceeding *pro se*, to make a reasonable inquiry that legal contentions brought before the Court are warranted and to certify that the pleading is not presented for purposes of harassment or an improper purpose.

For the foregoing reasons, the Court DISMISSES this action without prejudice. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: September 23, 2024
New York, New York

ANALISA TORRES
United States District Judge